## Commonwealth v. Fridell.

*Criminal law—Forfeited recognizance—Right of injured parties to share in distribution—False representations—Act of July 30, 1842.*

Where a person indicted for obtaining money under false pretences has forfeited his recognizance, the parties injured by such false pretences are entitled to participate in the distribution of the fund represented by the recognizance under the Act of July 30, 1842, P. L. 449, 454, although the false representations may have been involved in a gambling arrangement in which such parties participated.

Exceptions to auditor's report. Q. S. Washington Co., Nov. Sess., 1920, No. 208.

*Howard W. Hughes*, for exceptants; *David M. McCloskey*, contra.

McIlvaine, P. J., Sept. 27, 1921.—On Sept. 20, 1920, Ernest E. Fridell, the above named defendant, was arrested on a warrant issued by R. J. Whitehead, justice of the peace, and brought before said justice for a hearing on a charge which had been made against him on the oath of one Martin C. Deitz, wherein it was alleged "that the above named defendant did then and there unlawfully by false pretense obtain money from affiant by representing that several suits of clothes were drawn by parties in Charleroi, which statement was false, with intent to cheat and defraud affiant out of money, all of which is contrary to an act of assembly in such cases made and provided."

After hearing, the defendant was held in $1000 bail for court, and gave as his security for appearing at court a $1000 United States Liberty Bond, which was placed in the hands of the Clerk of the Court of Quarter Sessions. Afterwards, to wit, on May 20, 1921, the defendant having failed to appear after being duly called, his bond and recognizance was forfeited for his default and non-appearance, and the said $1000 United States Liberty Bond

was sold and the money paid into said court for distribution. This court on July 5, 1921, appointed John I. Carson, Esq., to make distribution of the money in court, and on Aug. 22, 1921, he filed his report in court, to which report the County Commissioners of Washington County, through their solicitor, filed exceptions, claiming that all the money, except that which went to the payment of costs, should have been paid to the county treasurer and not to the claimants, to whom the auditor awarded the same, alleging that these claims were illegal and that they were lottery contracts, and that the claimants were not entitled to a distributive share of the fund in the hands of the clerk of court.

It appears that the Thomas Tailoring Company had been selling suits of clothing on what was known as a "purchasing contract," some features of which it is claimed show the contract to be a prize or lottery contract, and it is the claim of the solicitor of the county commissioners that those who may have entered into contracts with this tailoring company are not entitled to recover back any money that they may have paid on their contracts for suits, for the reason that they ran the risk of getting or not getting their suits on the happening or the not happening of a certain contingency over which the party receiving the suit had no control. As we view this case as it is presented to us, the question of whether or not the Thomas Tailoring Company's contract was a gambling contract is immaterial, for the reason that the defendant, Ernest E. Fridell, was indicted for obtaining money from a number of persons by false pretense, and that was by falsely representing to those persons that they had drawn suits from this tailoring company and, upon the payment of certain moneys to him, would receive the suits, which representation was untrue and false. This being the case, the money that these claimants appeared before the auditor to claim was not money that they had paid to the tailoring company on a gambling contract, but money that they had paid to the defendant on a false representation that he made in regard to the action of the tailoring company. We are, therefore, of the opinion that the exceptions are not well taken and that the auditor's report should be confirmed.

The Act of Assembly passed on July 30, 1842, P. L. 454, gives any person who may have suffered loss or injury by the commission of a crime or misdemeanor the right to share in the distribution of money collected on a forfeited recognizance in such a case where the defendant fails to appear. In other words, in the case at bar, the defendant not appearing, the court takes the charge made in the indictment as true, and in place of sentencing the defendant to a fine and imprisonment and to restore the money which he falsely obtained from his victims, directs the money obtained on the forfeited recognizance to be paid to those who have suffered loss, after the costs of the magistrate, the costs of prosecution in the Court of Quarter Sessions and a reasonable allowance to those who have been instrumental in having the defendant arrested have been paid; and that was what the auditor did in this case. Section 26 of the act just cited clearly indicates the manner in which money paid into court on such a recognizance as was given in this case should be distributed.

And now, Sept. 27, 1921, exceptions to auditor's report in this case came on to be heard and were argued by counsel, whereupon, upon due consideration, it is ordered, adjudged and decreed that said exceptions be overruled and the auditor's report confirmed, and the clerk of court is directed to pay out the money in accordance with the schedule prepared by the auditor.

From Harry D. Hamilton, Washington, Pa.